# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kasandra Dee Kalinich, | Case No. 2:22-cv-00859-DJA |
| Plaintiff, | |
| v. | **Order** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Kasandra Dee Kalinich's motion for reversal and remand (ECF No. 19) and the Commissioner's countermotion to affirm (ECF No. 20) and response (ECF No. 21). Plaintiff filed a reply. (ECF No. 22). Because the Court finds that the ALJ's RFC was not supported by substantial evidence, but that the ALJ appropriately relied on the vocational expert's testimony, it grants Plaintiff's motion to remand in part (ECF No. 19) and grants in part and denies in part the Commissioner's countermotion to affirm (ECF No. 20). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

　　*A.    Procedural history.*

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on May 10, 2018, alleging disability commencing January 1, 2014. (ECF No. 19 at 3). The Commissioner denied the claims by initial determination on February 15, 2019 and again on reconsideration on July 1, 2019. (*Id.*). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 27, 2018. (*Id.*). The ALJ issued an unfavorable decision on April 30, 2021. (*Id.*). On April 18, 2022, the Appeals Council denied review, making the ALJ's decision the final agency decision. (*Id.*).

**B.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). (AR 38-50). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 10, 2018. (AR 39-40). At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia; major depressive disorder; degenerative disc disease of the cervical spine with fracture, spondylosis, and radiculopathy; cervical facet syndrome; generalized anxiety disorder; migraine with aura; bilateral conductive and sensorineural hearing loss; complex fracture right inner ear structure; somatic symptom disorder; neurocognitive disorder; post-traumatic stress disorder ("PTSD"); degenerative disc disease of the lumbar spine with spondylosis; degenerative disc disease of the thoracic spine with spondylosis; right knee tendinosis; club foot; paralysis of the right upper extremity; thoracic facet arthropathy; and chronic pain syndrome. (AR 40). At step three, the ALJ found that that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (AR 40). In making this finding, the ALJ considered Listings 1.15, 1.18, 2.02, 12.04, and 12.06. (AR 40).

At step four, the ALJ found that Plaintiff has a residual functional capacity to perform light work as defined in 20 C.F.R. § 404.967(b) except, in relevant part, that "[t]he claimant will be off task 10 percent of the workday. The claimant will be absent from work 1 day per month. (AR 43). At step five, the ALJ found that Plaintiff has no past relevant work. (AR 48). However, the ALJ found Plaintiff capable of performing occupations that exist in significant numbers in the national economy such as: laundry sorter and machine tender. (AR 49). Accordingly, the ALJ found that Plaintiff had not been disabled since May 10, 2018. (AR 50).

**II.     Standard.**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United

States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.    Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.*; 20 C.F.R. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing

and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1520c for claims filed on or after March 27, 2017.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing

evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42

**IV.     Analysis and findings.**

   **A.     Whether the ALJ's RFC lacks the support of substantial evidence.**

      1.     <u>The parties' arguments.</u>

Plaintiff argues that the ALJ failed to explain how the ALJ extrapolated the limitation that Plaintiff would be off task 10 percent of the workday and be absent from work 1 day per month from the medical evidence.  (ECF No. 19 at 6-8).  Plaintiff asserts that the ALJ found the opinions of Allie Wright, Psy. D.—who opined that Plaintiff would have moderate limitations in the ability to interact with others, concentrate, persist, or maintain pace and adapt or manage oneself—and Jack Araza, Ph.D.—who agreed—somewhat persuasive.  (*Id.*).  But, Plaintiff argues, the ALJ did not explain how these opinions resulted in the 10 percent and 1-day figures in the RFC.  (*Id.*).  Plaintiff adds that the error is not harmless because the vocational expert opined that, if an individual was off task 20 percent of the workday or absent two or more days per month, such limitations would preclude work.  (*Id.*).

The Commissioner responds that the ALJ's RFC was supported by substantial evidence because "[a] residual functional capacity assessment is an administrative finding, not a medical finding, and is based on all the relevant evidence in the case records, not simply medical opinions or prior administrative medical findings."  (*Id.* at 19).  In any event, the Commissioner points out that the ALJ's RFC was *more* restrictive than the limitations Drs. Wright and Araza found for Plaintiff or any portions of the record, and thus, any error was harmless.  (*Id.* at 19-20).  Drs. Wright and Araza found that Plaintiff was "moderately limited" in her abilities to concentrate and persist, interact with others, and adapt.  (*Id.*).  And the Commissioner points out that Plaintiff does not otherwise argue that the record shows that she would be off task or absent from work.  (*Id.*).  The Commissioner concludes that the ALJ sufficiently explained why he did not include additional limitations in the already restrictive RFC by showing the inconsistencies between Plaintiff's subjective complaints and the evidence in the record.  (*Id.*).

1    Plaintiff replies that, as the Commissioner points out, no parts of the record specifically address Plaintiff being off task during the workday or absent from work. (ECF No. 22 at 3-4). Thus, the ALJ's RFC assessment is a lay medical opinion, not underpinned by any medical source. (*Id.*). Without any explanation regarding how the ALJ arrived at the RFC limitations, the ALJ's opinion was not supported by substantial evidence. (*Id.*).

2.    Analysis.

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). While the ALJ is responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted). Moreover, "the ALJ must use 'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; '[t]he ALJ may not simply draw his own inferences about [the claimant's] functional ability from medical reports.'" *Hurt v. Kijakazi*, No. 3:20-cv-00481-CSD, 2022 WL 444355, at *10 (D. Nev. Feb. 14, 2022) (citing *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017), and citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)); and citing POMS § DI 24510.001(A)(1) ("The RFC assessment[] is based primarily on medical evidence")).

Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. *See Hurt*, 2022 WL 444355, at *10 (relying on *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986); *Jakubiak v. Berryhill*, 337 F.Supp.3d 80 (D. Mass. 2018); *Maniscalo v. Colvin*, 167 F.Supp.3d 207, 217-18 (D. Mass. Mar. 3, 2016); and *Beyene v. Astrue*, 739 F.Supp.2d 77, 83 (D. Mass. 2010)).

Generally, a lay person is not qualified to interpret raw medical data to determine a claimant's RFC unless the impairments are so mild that they pose no significant functional limitations. *Id.* (relying on *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996); *Rosado*, 807 F.2d at 293-94; *Jakubiak*, 337 F.Supp.3d at 85 (citation omitted); *Maniscalo*, 167 F.Supp.3d at 218-19; and *Beyene*, 739 F.Supp.2d at 83 (citation omitted)).

Here, the Court finds that the ALJ's RFC is not supported by substantial evidence. While the ALJ summarized the medical evidence, it is not entirely clear how the ALJ then translated that evidence into the RFC limitation that Plaintiff would be off task 10 percent of the workday and be absent from work 1 day per month. This is particularly true because both Plaintiff and the Commissioner point out that the record does not demonstrate that Plaintiff would be off task or absent from work. (ECF No. 19 at 7); (ECF No. 20 at 4). And while the ALJ found Drs. Wright and Araza's opinions somewhat persuasive, it is unclear how those opinions—which do not address being off task or absenteeism—translate into the ALJ's RFC.

The Commissioner argues that the ALJ's RFC that Plaintiff would be off task 10 percent of the day and absent 1 day per month is more restrictive than the moderate limitations Drs. Wright and Araza opined that Plaintiff had in her abilities to concentrate and persist, interact with others, and adapt. But the Commissioner points to no authority for this argument. And without any authority for this proposition, the Court cannot draw this conclusion. The Court thus finds that the ALJ's RFC is not supported by substantial evidence.

While the Commissioner argues that the error is harmless, the Court is not convinced. The Commissioner argues that, because the ALJ's assessments are more restrictive than the record bears, it is inconsequential to the ultimate non-disability determination. But here, the Court is left without a baseline by which to evaluate the extent to which the ALJ's RFC is more stringent. Without this baseline, it is difficult to determine the extent to which the error is harmful. However, the error is not harmless because the ALJ used the RFC to provide hypotheticals to the vocational expert, which the vocational expert then used to determine whether jobs existed in the national economy which Plaintiff could perform. (AR 343-44). The vocational expert also opined that, if an individual with the ALJ's RFC was off task for 20

percent of the workday and had to miss two days of work per month, that individual could not sustain gainful work activity. (AR 345-46). The ALJ's RFC is thus unsupported by substantial evidence, an error which is not harmless, and this case must be remanded to obtain further functional evidence.

### B. Whether the ALJ failed to sustain his burden at step five.

#### 1. The parties' arguments.

Plaintiff argues that the occupations the vocational expert identified—laundry sorter and machine tender—do not exist in significant numbers. (ECF No. 19 at 8-13). Plaintiff explains that the ALJ erred by not asking the vocational expert to articulate her methodology in explaining that these jobs existed in significant numbers because more recent data demonstrates that they do not. (*Id.*). Plaintiff explains that the Dictionary of Occupational Titles, with which the vocational expert stated her testimony was consistent, has not been updated since 1991. (*Id.*). But more recent sources, including the Occupational Outlook Handbook and O*NET, demonstrate that most of these jobs require more contact with others than Plaintiff's limitations allow. (*Id.*). Plaintiff asserts that both of these sources provide reliable data and the conclusory nature of the vocational expert's testimony in light of the inconsistent data in these sources means that the ALJ should not have accepted the vocational expert's testimony without further questioning. (*Id.*). Plaintiff adds that, to the extent the Commissioner argues that she waived these arguments by not raising them before the ALJ, she submitted rebuttal evidence to the Appeals Council and thus, did not waive them. (*Id.*).

The Commissioner responds that the vocational expert testified that her testimony was consistent with the DOT and the Selected Characteristics of Occupations ("SCO") and, where those publications were silent, she relied on her professional experience. (ECF No. 20 at 6). Thus, the vocational expert sufficiently explained her testimony. (*Id.*). In any event, the Commissioner argues that Plaintiff's counsel did not raise the issue of alternative sources of job information from the OOH and O*NET before the ALJ and thus forfeited it. (*Id.* at 7). And Plaintiff submitting evidence to the Appeals Council does not cure the forfeiture. (*Id.* at 7-8). Even if it did, the Commissioner points out that the additional evidence Plaintiff submitted to the

1    Appeals Council was not from OOH and O*NET, but rather from OccuCollect, a non-
2    governmental source. (*Id.*). And the vocational expert never testified that she used the OOH and
3    O*NET data, let alone OccuCollect. (*Id.*). Thus, Plaintiff's counsel did not replicate the
4    vocational expert's methodology and come up with a different result, they used a possibly entirely
5    different methodology. (*Id.* at 8-9). Finally, the Commissioner argues that the ALJ was entitled
6    to rely on the vocational expert's testimony and was not required to *sua sponte* resolve any
7    conflict between that testimony and the OOH or O*NET, or anything other than the DOT and
8    SCO. (*Id.*).

9          Plaintiff replies that claimants are always surprised by the content of vocational expert
10   testimony and thus, the regulations and case law interpreting those regulations allow for a
11   claimant to raise the issue of the accuracy of the vocational expert's estimates at some point
12   during the administrative proceedings, not necessarily during the hearing. (ECF No. 22 at 5-6).
13   Regarding the OOH, Plaintiff argues that it "is a matter of administrative notice" and that the
14   O*NET is a source the Secretary of Labor invited anyone wanting current information to use.
15   (*Id.*). Plaintiff adds that "[t]he Commissioner has not identified any inaccuracies in the
16   [OccuCollect] evidence submitted to the Appeals Council." (*Id.*). Finally, Plaintiff argues that
17   because she has put forth evidence that contradicts the vocational expert's testimony, the ALJ
18   should have at least considered it. (*Id.*). And the ALJ's failure to do so means that the ALJ's
19   conclusion was not supported by substantial evidence. (*Id.*).

20         2.   <u>Analysis.</u>

21      "[A]t least when claimants are represented by counsel, they must raise all issues and
22   evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*,
23   172 F.3d 1111, 1115 (9th Cir. 1999). The Ninth Circuit in *Shaibi v. Berryhill* determined that
24   challenges to a vocational expert's job numbers based on alleged conflicts with alternative
25   sources of job information, such as O*NET or the OOH, must be raised "in a general sense before
26   the ALJ" to preserve a claimant's challenge. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th
27   Cir. 2017). And submitting evidence to the Appeals Council does not resolve forfeiture of an
28   issue if the issue was not first raised before the ALJ. *See Shapiro v. Saul*, 833 F. App'x 695, 696

(9th Cir. 2021) (unpublished); *see Ford v. Saul*, 950 F.3d 1141, 1159 n.14 (9th Cir. 2020) (explaining that a party may challenge a vocational expert's testimony by cross examining the vocational expert at the hearing on apparent conflict, making a request to the ALJ to "submit supplemental briefing or interrogatories contrasting the [vocational expert]'s specific job estimate's with estimates of the claimant's own," or raising new evidence before the Appeals Council *if the ALJ declines the request for supplemental briefing*); *Mitchell v. Saul*, No. 2:20-cv-01936-EJY, 2021 WL 3032667, at *11 (D. Nev. July 16, 2021).  Many district courts have concluded that a party forfeits their challenge to a vocational expert's testimony where new evidence was submitted to the Appeals Council, but the issue was not first raised before the ALJ. *Mitchell*, 2021 WL 3032667, at *11 (compiling cases).

Here, Plaintiff—even though represented by counsel—did not raise the issue of whether the jobs identified by the vocational expert existed in significant numbers at the administrative hearing.  Plaintiff did not raise the issue even in a general sense.  And although Plaintiff submitted evidence to the Appeals Council regarding this issue, without having raised it at the administrative hearing, Plaintiff has forfeited it.

Further, the ALJ is not required to *sua sponte* resolve any conflicts with the vocational expert's testimony and the OOH or O*NET.  Agency regulations and rulings require the ALJ to resolve any vocational conflicts with the DOT and the SCO.  *See* 20 C.F.R. § 404.1566(d).  The same obligation does not apply to any other publication.  *See Shaibi*, 883 F.3d at 1109-10 (rejecting an argument that the ALJ had an obligation to consider the OOH *sua sponte*); *Gonzales v. Saul*, 833 F.App'x 464, 465 (9th Cir. 2021) (unpublished) (same); *Vizcarra v. Saul*, 833 F.App'x 461, 462 (9th Cir. 2021) (same); *Lusson v. Saul*, No. 2:20-cv-01215-DJA, 2021 WL 510618, at *7 (D. Nev. Feb. 11, 2021) (finding that an ALJ was not required to resolve conflicts between testimony and OOH or O*NET); *Tommy D.J. v. Saul*, No. EDCV 20-1013-RAO, 2021 WL 780479, at *4 (C.D. Cal. Mar. 1, 2021) (finding that "the ALJ is not required to reconcile conflicts between the VE's testimony and non-DOT sources" and collecting cases).  Here, although Plaintiff points out that the OOH and O*NET conflict with the vocational expert's representations of jobs in the national economy, the ALJ was not required to resolve this conflict.

While Plaintiff is correct that these sources are more recent, she has not cited an authority that the ALJ was required to consider them other than pointing out that the ALJ may take administrative notice of the OOH.  But the ALJ has not demonstrated that the OOH is inconsistent with the ALJ's testimony, only that the O*NET is.

Further still, the ALJ's reliance on the DOT information, even in the face of conflicting evidence from other sources, is sufficient to demonstrate that substantial evidence supports the ALJ's findings.  The ALJ is entitled to rely on the vocational expert's testimony regarding the number of jobs in the economy.  *See* 20 C.F.R. § 416.966(e) (authorizing ALJs to rely on a vocational expert's testimony to determine occupational issues); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (upholding the ALJ's reliance on a vocational expert's testimony regarding job numbers).  The Court thus finds that the ALJ's step-five analysis is supported by substantial evidence and denies Plaintiff's motion to remand on this ground.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 19) is **granted in part.**  The Court remands this case to the Social Security Administration for rehearing to further evaluate Plaintiff's RFC in accordance with this order.

**IT IS FURTHER ORDERED** that the Commissioner's countermotion to affirm (ECF No. 20) is **granted in part and denied in part**.  The Court affirms the judgment of the Social Security Administration with respect to its evaluation of the vocational expert's testimony.  The Court vacates the Social Security Administration's judgment that substantial evidence supports the ALJ's RFC findings.  The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: May 17, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE